## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SOUTHERN STAR CENTRAL ) | | |
| GAS PIPELINE, INC. ) | | |
|                **Plaintiff,** ) | | CIVIL ACTION |
| v. ) | | |
| ) | | No. 08-2115-KHV |
| PATRICIA A. GREUL ) | | |
| DANIEL J. GRUEL ) | | |
| ) | | |
|                **Defendants.** ) | | |
| _____) | | |

### MEMORANDUM AND ORDER

Under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, Southern Star Central Gas Pipeline, Inc. seeks a declaration that it owns a prescriptive easement by adverse possession over property owned by Patricia A. Greuel and Daniel J. Greuel. Plaintiff has designated Kansas City, Kansas, as the place of trial. This matter comes before the Court on defendants' <u>Motion For Transfer Of Declaratory Judgment Action For Convenience Of Parties And Witnesses {28 USCA & 1404(a); Fed R Civ P 7(B).}</u> (Doc. #29) filed October 10, 2008. For the reasons stated below, defendants' motion is overruled.

### Legal Standards

Under D. Kan. Rule 40.2, the Court is not "bound by the requests for place of trial but may, upon motion by a party, or in its discretion determine the place of trial." In considering motions for intra-district transfer, the courts of this district have generally looked to the factors relevant to change of venue motions under 28 U.S.C. § 1404(a).[1] See <u>Hartwick v. Lodge 70 Int'l</u>, No. 99-4139-SAC,

---

[1] Under 28 U.S.C. § 1404, "in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." The Court recognizes that the statute is inapplicable on its face as Kansas comprises only one judicial district and division. The
(continued...)

2000 WL 970670, at *1 (D. Kan. June 16, 2000) (citing <u>Aramburu v. Boeing Co.</u>, 896 F.Supp. 1063, 1064 (D. Kan.1995); <u>Curtis 1000, Inc. v. Pierce</u>, No. 94-4086-RDR, 1994 WL 478744, at *1 (D. Kan. Aug. 25, 1994)). In evaluating a transfer under Section 1404(a), the Court considers plaintiff's choice of forum, the convenience of witnesses, the accessibility of witnesses and other sources of proof, the relative advantages and obstacles to a fair trial, and "all other considerations of a practical nature that make a trial easy, expeditious and economical." <u>Hartwick</u>, 2000 WL 970670, at *1 (citing <u>Chrysler Credit Corp. v. Country Chrysler, Inc.</u>, 928 F.2d 1509, 1515-16 (10th Cir.1991)). Unless the balance is strongly in favor of movant, plaintiff's choice of forum should rarely be disturbed. <u>Id.</u> (citing <u>Scheidt v. Klein</u>, 956 F.2d 963, 965 (10th Cir.1992) (quotations and citations omitted)). Furthermore, except for the most compelling reasons, cases are generally not transferred between cities. <u>Bauer v. City of De Soto Ks.</u>, No. 04-4027-JAR, 2004 WL 2580790 *1 (D. Kan. Nov. 3, 2004).

### **Analysis**

Defendants argue that the Court should transfer this matter to Wichita because the case is factually centered in three counties in southeastern Kansas and the subject property and "the essential and material testimony from all witnesses are from persons located nearer the Wichita Court." <u>See</u> <u>Motion to Transfer</u> (Doc. #29) at 2; <u>see also</u> <u>Memorandum In Support of Motion to Transfer</u> (Doc. #30) at 7. Defendants further argue that this matter "has no connection to [the Kansas City court] because every action, event, record, evidence or witness is located in counties served by the Wichita Judicial District." <u>Id.</u> at 1. Plaintiff responds that the record contains no evidence that witnesses or documents will be inaccessible if trial is held in Kansas City. <u>See</u> <u>Response In Opposition To</u>

---

[1](...continued)
statute provides, however, that "[a] district court may order any civil action to be tried at any place within the division in which it is pending." 28 U.S.C. § 1404(c)).

Defendants' Motion To Transfer (Doc. #32) at 5, filed October 24, 2008. In addition, plaintiff argues that because its motion for summary judgment is currently ripe for decision, transfer would cause unnecessary delay and prejudice to plaintiff. Id.

## I.  Plaintiff's Choice of Forum

Plaintiff's choice of forum is generally entitled to great deference. Scheidt, 956 F.2d at 965. Where plaintiff's choice of forum is not its residence, however, that consideration receives much less weight. Wichita Investors, LLC v. Wichita Shopping Ctr. Assocs., No. 02-2186-CM, 2002 WL 1998206, at *1 (D. Kan. Aug. 7, 2002) (citing Ervin & Assocs., Inc. v. Cisneros, 939 F.Supp. 793, 799 (D. Colo. 1996); see also Hartford Fire Ins. Co. v. Westinghouse Elec. Corp., 725 F.Supp. 317, 322 (S.D. Miss. 1989) (transfer from forum state granted where plaintiff filed suit in multiple non-resident jurisdictions).

Defendants do not address the importance of plaintiff's choice of forum and plaintiff merely asserts that the Court should take its choice of forum into account in determining whether to transfer. See Response In Opposition To Defendants' Motion To Transfer (Doc. #32) at 4. Plaintiff is a Delaware corporation with its principle place of business in Kentucky, and it conducts substantial business in Missouri, Kansas and Oklahoma. As plaintiff is not a resident of Kansas, its choice of forum receives less weight.

## II.  Convenience and Accessibility of the Witnesses

Where enormous disparity of convenience exists between trial in Kansas City and trial in Wichita, and all parties, witnesses and sources of proof are located in Wichita, this Court has held that transfer is proper. See Semsroth v. City Of Wichita, Ks, No. 06-2376-KHV, 2007 WL 2462178, at *2 (D. Kan. Aug. 29, 2007) (citing Benson v. Hawker Beechcraft Corp., No. 07-2171-JWL, 2007

WL 1834010, at *3 (D. Kan. June 26, 2007); Taher v. Wichita State Univ., No. 06-2132-DJW, 2007 WL 1149143, at *2 (D. Kan. April 18, 2007)). This Court has also delayed transfer decisions until the completion of discovery to fully analyze the issue of convenience and accessibility of designated witnesses. See Biglow v. Boeing Co., 174 F. Supp.2d 1187, 1195 (D. Kan. 2001). In Semsroth, this Court held that Wichita was the proper location for trial because of potential complications regarding the compulsory attendance of non-party witnesses under Fed. R. Civ. P. 45(b)(2) and travel inconvenience for potential party witnesses. See id. at *1. Similarly in Benson, this Court found that Wichita was the proper location for trial because plaintiff and his attorneys resided in Wichita and the acts complained of by plaintiff occurred in Wichita, so that the case had an overwhelming nexus to Wichita. See Benson, 2007 WL 1834010, at *4. The Court further held that it did not need to delay ruling until the formal designation of witnesses because all potential witnesses would likely come from Wichita and the surrounding area. See id.

Defendants argue that the subject property and most of plaintiff's designated witnesses and relevant documents are located in Wichita or Cowley, Sedgwick and Harper counties. See Motion To Transfer (Doc. #29) at 1-2. Plaintiff counters that few witnesses will be designated for trial and that Kansas City is not a substantially inconvenient location for trial. See Response In Opposition To Defendants' Motion To Transfer (Doc. #32) at 5. Plaintiff further argues that this matter will likely be determined on its pending motion for summary judgment, and that even if the Court transfers this matter to Wichita, the Court will still maintain control over all pretrial motions. Id.

Neither party contends that any documents or witnesses will be inaccessible if trial is held in Kansas City. Unlike in Semsroth and Benson, the record contains no suggestion that the overwhelming majority of potential witnesses are located in or near Wichita. Defendants are

residents of Cowley County, but their briefs do not discuss other potential witnesses. See Affidavit of Patricia A. Greuel, attached as Ex. B to Brief In Opposition To Plaintiff's Motion For Summary Judgment (Doc. #38) filed November 19, 2008. In its motion for summary judgment, plaintiff relies on the affidavits of four potential witnesses: Theresa Waite, county appraiser for Cowley County; Terry L. Blanding, land supervisor for Southern Star; Tim L. Thompson, staff attorney and assistant corporate secretary for Southern Star; and Barbara Williams, Southern Star engineer. See Exs. A, B, C and D to Memorandum In Support Of Motion For Summary Judgment (Doc. #18) filed September 13, 2008. While affiant Waite is likely located in southeastern Kansas (because of her job title), the record contains no evidence that any of the other three potential witnesses reside in or near Wichita. Defendants allege that "all witnesses with important testimony live near or work in Cowley County," but they do not identify such witnesses or explain where they live and work. Therefore, while the subject property and many documents related to the easement may be located in southeastern Kansas, defendants have not established that trial in Kansas City is substantially inconvenient for potential witnesses.

### III.    Fair Trial

Nobody argues that a fair trial cannot be had in Kansas City. Defendants cite Piper Aircraft Co. v. Reyno, 454 U.S. 235 (U.S. 1981), in alleging that "private interest factors clearly favor transfer to Wichita and should be afforded serious weight." See Memorandum In Support of Motion to Transfer (Doc. #30) at 5. Defendants argue that other property owners of potentially disputed easements along the pipeline cannot adequately monitor this case if it is tried in Kansas City. See Memorandum In Support of Motion to Transfer (Doc. #30) at 4.

Defendants present no evidence that trial in Kansas City will adversely affect other property

owners, or that transfer is necessary to obtain a fair trial. This factor does not clearly weigh in favor of any party or location.

### IV. Other Considerations

Defendants argue that to determine the proper location for trial, the Court should take judicial notice of the District of Kansas web site. See Reply Supporting Motion To Transfer (Doc. #39) filed November 26, 2008.[2] Defendants state that "the clerks of this court and all the courts of the Kansas Judicial Districts and their Counties guide this case to Wichita." See id. at 3.

The map to which defendants refer pertains to District of Kansas Rule 81.1 and provides the locations of courts to which removed cases are assigned. See D. Kan. Rule 81.1. Since this matter was not removed from state court, the map does not apply.

After considering all factors, the Court finds that defendants have not offered persuasive reasons why the case should be transferred at this time. The balance of factors does not strongly outweigh plaintiff's choice of forum, and the Court therefore overrules defendants' motion.

**IT IS THEREFORE ORDERED** that defendants' Motion For Transfer Of Declaratory Judgment Action For Convenience Of Parties And Witnesses {28 USCA & 1404(a); Fed R Civ P 7(B).} (Doc. #29) filed October 10, 2008, be and hereby is **OVERRULED**.

Dated this 17th day of December, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

---

[2] In support of this argument, defendants attach a copy of the court web page regarding filing locations within the Kansas judicial district.